IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BILLY JOE NELSON                                                                                       PLAINTIFF

      v.                                    Civil No. 08- 2037

DEPUTY WATERDOWN;
DEPUTY BURGOS;
CORPORAL CUPP;
CPT. MARVIN;
DEPUTY IRVIN;
SHERIFF ALLEN;
DEPUTY ALLISSON;
DEPUTY COLE;
DEPUTY HUFFMAN;
CPL. MEHAFFY                                                                                        DEFENDANTS

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Plaintiff filed this lawsuit pro se and *in forma pauperis* under 42 U.S.C. § 1983 on May 9, 2008. (Doc. 1). The Court issued an addendum to the Plaintiff, seeking to clarify his claims for purposes of serving the Complaint upon the Defendants. (Doc. 5). Plaintiff has returned the Addendum (Doc. 6).

Plaintiff originally sought to name the Crawford County Detention Center as a Defendant in this case. In the Addendum, Plaintiff was asked to specify the individuals he would like to substitute for Defendant Crawford County Detention Center as the detention center is a building and not an entity capable of being sued. Among the individuals named, Plaintiff has included Judge Cottrell, Prosecuting Attorney Marc McCune, and Public Defender Thurman Ragar. The Court issues the following report and recommendation recommending these individuals not be named in the suit or served as they are immune from suit or not state actors for purposes of Section 1983.

Judge Cottrell is immune from suit as he is a Circuit Judge. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here. In fact, Plaintiff has failed to allege any specific complaint against Judge Cottrell.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 (1984)). "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309 (c)), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210. As amended by the FCIA § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Plaintiff does not allege that either of these prerequisites for injunctive relief are met. Thus, to the extent Plaintiff seeks injunctive relief his claims are subject to dismissal. *See e.g., Montero*

*v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable).

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada,* 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted). Equitable relief is not appropriate where an adequate remedy under state law exists. *See Pulliam*, 466 U.S. at 542 & n. 22. *See also Sterling v. Calvin* , 874 F.2d 571, 572 (8th Cir. 1989). An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *See Mullis*, 828 F.2d at 1392 (citation omitted). *See also Nelson v. Com*, 1997 WL 793060, 2 (E.D. Pa. 1997)(appellate review of conviction provides plaintiff an adequate remedy under state law). *See also J&M Mobile Homes, Inc. v. Hampton*, 60 S.W.3d 481 (2001)(discussing when a writ of prohibition is appropriate). Here, Plaintiff had an adequate remedy at law and is not entitled to equitable relief.

Prosecuting Attorney Marc McCune is also immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See*

*also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).  Based on the allegations of the complaint and addendums, it is clear Marc McCune is entitled to absolute immunity in this case. *See Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent Plaintiff's complaint seeks injunctive relief against McCune, this is not cognizable.  While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur.  Plaintiff can make no such showing here.  Further, injunctive relief is not appropriate where an adequate remedy under state law exists.  *See id.*, 466 U.S. at 542 & n.22.  *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

Plaintiff's claims against Thurman Ragar, public defender, also should not be named in this lawsuit.  Given the facts as pled by Plaintiff, Defendant was acting as a public defender and not a state actor, and thus is not subject to Section1983 liability.  A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.  *Polk County v. Dodson* , 454 U.S. 312, 325 (1981).  Plaintiff does not allege Ragar was acting other than in his traditional function as counsel at the relevant time.

Allegations that a public defender has conspired with judges or other state officials to deprive a prisoner of federally protected rights may state a claim under § 1983 . *Tower v. Glover,* 467 U.S.

914, 923 (1984). Allegations of conspiracy, however, must be pled with sufficient specificity and factual support to suggest a "meeting of the minds." *Smith v. Bacon,* 699 F.2d 434, 436 (8th Cir.1983) (per curiam). Plaintiff fails to allege any such facts and Thurman Ragar should not be named in this suit.

For the foregoing reasons, I recommend that putative Defendants Cottrell, McCune, and Ragar not be named or served in the above-styled lawsuit.

**Plaintiff has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 29th day of May 2008.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE